## SILBERSTEIN v. WILLIAM WICKE CO.

(Superior Court of New York City, Special Term.   December 12, 1892.)

COSTS—RIGHT TO—ACTION FOR DEATH BY WRONGFUL ACT.

> Under Code Civil Proc. § 3228, entitling plaintiff to costs, of course, upon the rendering of a final judgment in his favor (subdivision 3) in an action specified in section 2863, subds. 1, 3, 4, 5, which section includes actions brought under section 1902, giving an administrator power to recover for the negligent killing of his intestate, plaintiff, in such an action, is entitled to full costs, though he recovers only nominal damages, the case not being within subdivision 4 of said section 3228, providing that in an action other than those specified in the foregoing subdivision, in which the complaint demands judgment for a sum of money only, plaintiff is not entitled to costs unless he recovers $50 or more.

Action by Moritz Silberstein, as administrator of Arthur Silberstein, deceased, against the William Wicke Company, for the negligent killing of decedent.   There was a verdict for plaintiff for nominal damages only, and the clerk taxed in his favor a full bill of costs.   Defendant appeals from the taxation.   Affirmed.

For decision on motion for new trial, see 22 N. Y. Supp. 170.

Hoadley, Lauterbach & Johnson, for appellants.
Charles Steckler, for respondent.

McADAM, J.   The action is by the administrator of Arthur Silberstein to recover $5,000 damages for causing the death of the decedent by negligence.   Code, § 1902.   The recovery is limited to "the pecuniary loss," and can in no case exceed $5,000.   The jury are to fix the amount.   They awarded the plaintiff six cents, and the clerk taxed in his favor a full bill of costs.   The defendant appeals; claims that costs do not go to the plaintiff, but to the defendant; and bases the contention upon subdivision 4 of section 3228 of the Code.   Section 3228 provides that "the plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor in either of the following cases."   Neither the first nor second subdivision concerns the present action, but subdivision 3 does.   That subdivision provides: "An action specified in subdivisions first, third, fourth, and fifth of section 2863."   Referring to section 2863, we find that section providing: "But a justice of the peace cannot take cognizance of a civil action in either of the following cases:  (1) Where the people of the state are a party; (2) where the title to real property comes in question; and (3) where the action is brought under section 1902 of this Code."   Referring to section 1902, we find the section which gives administrators power to recover for the negligent killing of an intestate.   It follows, therefore, that the plaintiff is entitled to a full bill of costs.   The Code expressly provides that neither a district court nor justice of the peace has jurisdiction of a case of this character.   The defendant's contention that subdivision 4 of section 3228 applies to the question herein is untenable.   Subdivision 4 provides as follows:  "An action other than one of those specified in the foregoing subdivision of this section, in which the complaint demands judgment for a sum of money only; but the plaintiff is not enti-

tled to costs under this subdivision unless he recovers the sum of fifty dollars or more." It will be readily seen that this subdivision applies to actions other than those specified in the foregoing subdivisions 1, 2, and 3 of the Code, (section 3228.) Section 3 particularly exempts those classes of cases from the consideration of subdivision 4. Subdivision 4 applies to cases other than those specified in the previous subdivisions of that section, because subdivision 4 particularly states that plaintiff is not entitled to costs under this subdivision (meaning subdivision 4) unless he recover the sum of $50 or more. It is clear that subdivision 4 does not apply to the present cause of action, which is specially exempted by subdivision 3, followed up by sections 1902 and 2863. These three sections must be read together and considered as one. The defendant's contention would be correct under subdivision 4 if the cause of action herein was not specially exempted by subdivision 3 of section 3228. It follows that the taxation must be affirmed.